1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

LEO ANTHONY REYES,
CDCR #F-61110,

                                    Plaintiff,

12
13

            vs.

14

15

16

CHIEF MEDICAL OFFICER;
S. GATES, Chief Medical Officer; and
E. ESTOCK, Doctor for Facility "D,"

17

                                    Defendants.

18
19
20

Case No.:  3:20-cv-01445-JLS-JLB

**ORDER (1) GRANTING MOTION
TO PROCEED IN FORMA
PAUPERIS, AND (2) DISMISSING
COMPLAINT FOR FAILING TO
STATE A CLAIM PURSUANT TO
28 U.S.C. §§ 1915(e)(2) AND 1915A(b)**

(ECF Nos. 1, 2)

21

22       Plaintiff Leo Anthony Reyes, currently incarcerated at Calipatria State Prison

23  ("CAL") and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C.

24  § 1983.  *See* "Compl.," ECF No. 1.  Plaintiff claims Defendants denied him adequate and

25  timely medical care in violation of the Eighth Amendment.  *Id.* at 3–4.

26       Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a); instead,

27  he filed a Motion to Proceed in Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).

28  *See* ECF No. 2.

1

## MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether their action is ultimately dismissed.  *See* 28 U.S.C. §§ 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

/ / /

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

Plaintiff's CDCR Inmate Statement Report and Prison Certificate show that he carried an average monthly balance of $222.89 and had $68.33 in average monthly deposits to his trust account for the six months preceding the filing of this action. *See* ECF No. 2 at 3–4. Plaintiff had an available balance of $136.66 at the time of filing. *Id.* at 3.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses his initial partial filing fee to be $44.57 pursuant to 28 U.S.C. § 1915(b)(1). However, the Court will direct the Secretary of the CDCR, or her designee, to collect this initial filing fee *only if sufficient funds are available in Plaintiff's account at the time this Order is executed.*  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").  The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(E)(2)(B) AND 1915A(B)
### I.     Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a preliminary review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion thereof, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. And, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference," to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

## II.   Plaintiff's Allegations

Plaintiff includes few facts in the body of his Complaint, instead referring the Court to CDCR 602 HC Health Care Grievance, Tracking #CAL HC 19000212, which is attached and incorporated as an exhibit. *See* Compl. at 4, 8–16. In this grievance, and in the body of his pleading, Plaintiff claims he "properly filled out and submitted" a Healthcare

Services Request Form complaining of "excruciating pain [i]n [his] left knee" and requesting that "an MRI be done" sometime in June 2019, but Defendant Dr. Erica Estock denied his request, "stating that the MRI was not necessary." *Id.* at 3, 8. Plaintiff claims he was "repeatedly denied proper access to medical care," and "wait[ed] weeks to months to be seen by the prison physician" on CAL's Facility D, even though the pain in his knee disabled his sleep and limited his daily functions. *Id.* at 3, 4.

On November 2, 2019, Plaintiff filed Health Care Grievance CAL HC 19000212, complaining that Dr. Estock had failed to provide him with an "adequate . . . examination, diagnosis and treatment." *Id.* at 8. He alleged that Dr. Estock was acting with "deliberate indifference" to his needs and repeated his request for an MRI. *Id.* at 9. The January 23, 2020 Institutional Level Response to this grievance indicates Plaintiff's health record was reviewed, he was "seen on December 26, 2019 by Telemedicine for a left knee pain follow-up appointment," and an MRI was authorized and completed on January 17, 2020. *Id.* at 10, 11. By the time a Headquarters Level Response to CAL HC 19000212 was issued on May 28, 2020 on behalf of Defendant S. Gates, the Chief of the California Correctional Health Care Services Correspondence and Appeals Branch, Plaintiff had received a physical exam; was "advised to rest, limit activity, and use non-steroidal anti-inflammatory medication as needed"; and informed that left knee arthroscopic surgery had been approved as of May 18, 2020. *Id.* at 16.

In fact, Plaintiff acknowledges he has received an x-ray and physical therapy, and admits he "was placed on [a] surgery list, which is still pending." *Id.* at 4, 6. But he now seeks $150,000 in general and punitive damages against Dr. Estock, CAL's unnamed Chief Medical Officer, and S. Gates, because "it took medical staff a long time to provide [him] with an MRI and medication for the pain." *Id.* at 4, 7.

## III.   42 U.S.C. § 1983

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace*, Inc., 698

F.3d 1128, 1138 (9th Cir. 2012); *see also Rawson v. Recovery Innovations, Inc.*, No. 19-35520, __ F.3d __, 2020 WL 5405684, at *3 (9th Cir. Sept. 9, 2020) ("Pursuant to § 1983, a defendant may be liable for violating a plaintiff's constitutional rights only if the defendant committed the alleged deprivation while acting under color of state law.").

Plaintiff claims Dr. Estock was employed by CDCR and acted in her official and individual capacity as a Facility D Doctor at CAL when she refused to order an MRI of his knee in June 2019. *See* Compl. at 2, 3. Plaintiff also alleges Defendants S. Gates and the unidentified Chief Medical Officer at CAL acted "under color of law" in their official and individual capacities, although his Complaint includes no further factual allegations describing their personal participation in the course of his medical treatment. *See id.* at 2.

While there is no "'rigid formula' for determining whether a state or local law official is acting under color of state law . . . [,] [s]tate employment is generally sufficient to render the defendant a state actor." *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006) (citations omitted). Thus, the Court need only consider whether Plaintiff's Complaint "contain[s] sufficient factual matter" to demonstrate that Dr. Estock, S. Gates, and CAL's unidentified Chief Medical Officer, "through their own individual actions, ha[ve] violated the Constitution." *Iqbal*, 556 U.S. at 676, 678.

## IV.   Eighth Amendment—Medical Needs

Plaintiff claims Dr. Estock violated his rights to medical care and subjected him to "cruel and unusual punishment" when she denied his request for an MRI as unnecessary. *See* Compl. at 3. But this is a legal conclusion—and one that is not entitled to the assumption of truth unless it is further supported by factual allegations that state a plausible claim for relief. *Iqbal*, 556 U.S. at 678–79.

Where a prisoner's constitutional claim is one for inadequate medical care, he must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The plaintiff must first establish a "serious medical need by demonstrating that [the] failure to treat [his] condition could result in further significant

injury or the unnecessary and wanton infliction of pain." *Jett,* 439 F.3d at 1096 (citation omitted). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991) (quoting *Estelle*, 429 U.S. at 104), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

Next, the plaintiff must show that the defendant's response to his objectively serious medical need was deliberately indifferent. *Jett*, 439 F.3d at 1096. To establish deliberate indifference, a prisoner must allege facts to show: (1) a purposeful act or failure to respond to his pain or possible medical need; and (2) harm caused by the indifference. *Id.* "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.* (citation omitted).

Here, even assuming Plaintiff's complaints of significant knee pain were sufficient to show he suffered an objectively serious medical need in June 2019, when he presented himself to Dr. Estock in CAL's medical clinic, he has failed to allege further facts sufficient to show Dr. Estock ignored, let alone purposefully disregarded, his need on that occasion or any other. *See Jett*, 439 F.3d at 1096. Plaintiff does claim he continued to have knee pain—but he does not allege Dr. Estock knew his pain continued, was aware of facts to suggest his condition had worsened, or drew any inference that he faced a substantial risk of serious harm *after* she first determined an MRI was unnecessary sometime in June 2019. *See Toguchi*, 391 F.3d at 1057. In addition, Plaintiff's Health Care Grievance CAL HC 19000212, filed on November 2, 2019, also fails to explain what role Dr. Estock personally played in the course of his care after her initial assessment. *See* Compl. at 4, 8; *Iqbal*, 556

U.S. at 677 (noting that "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). And delay by itself, regardless of whether Plaintiff had attributed, or could attribute, that delay to Dr. Estock, does not constitute deliberate indifference. *See Hallett v. Morgan*, 296 F.3d 732, 745–46 (9th Cir. 2002) (to establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful); *see also Reyes v. Brown,* No. 16-CV-84 JLS (BLM), 2018 WL 1905459, at *6 (S.D. Cal. Apr. 23, 2018) (finding allegations of delay between prisoner's initial treatment, follow-up, and surgical referral insufficient to support an Eighth Amendment violation).

Thus, as currently pleaded, the Court finds Plaintiff's Complaint fails to contain "sufficient factual matter, accepted as true," to plausibly show that Dr. Estock acted with deliberate indifference to Plaintiff's serious medical needs. *Iqbal*, 556 U.S. at 678. At most, Plaintiff's Complaint alleges either negligence or a difference of opinion between Plaintiff and Dr. Estock in June 2019 as to the critical nature of his condition and/or the appropriate course of treatment. Neither scenario, however, plausibly supports an Eighth Amendment violation. *See Toguchi*, 391 F.3d at 1058 ("[A] mere difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference.") (internal citation omitted); *Reed v. Marshall*, 1993 WL 372255, at *3 (N.D. Cal. Sept. 14, 1993) ("[A] difference of opinion, or even negligence in providing medical care, does not rise to the level of an Eighth Amendment violation." (internal citation omitted)).

Simply put, Plaintiff's belief that he should have received a more immediate intervention and/or a different course of diagnostic or arthroscopic treatment does not by itself give rise to an Eighth Amendment claim. *See Vaught v. Miranda*, 2012 WL 525573, at *11 (E.D. Cal. Feb. 16, 2012), *aff'd*, 502 Fed. Appx. 709 (9th Cir. 2013) ("Plaintiff's belief that he should have received a MRI is no more than a difference of opinions between plaintiff and the defendants who provided and/or reviewed his medical treatment."); *Estelle*, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); *Lively v. Tovar*, 2012 WL 838483, at *5

(S.D. Cal. Feb. 14, 2012) ("Even if [p]laintiff's self-diagnosis were correct, this would not amount to deliberate indifference."). As pleaded, and without "further factual enhancement," *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 557 (2007), Plaintiff's allegations are insufficient plausibly to plead that Dr. Estock's June 2019 medical assessment that an "MRI was not necessary" was medically unacceptable under the circumstances or was implemented in conscious disregard of an excessive risk to his health. *See* Compl. at 3, 8; *Toguchi*, 391 F.3d at 1058; *see also Chavira v. Olukanmi*, No. LACV157371PAJCG, 2018 WL 1779349, at *2-3 (C.D. Cal. Mar. 14, 2018) (finding no deliberate indifference where prisoner alleged to have been treated with non-steroidal anti-inflammatory medication for knee pain, but was denied a requested MRI), *report and recommendation adopted*, No. LACV157371PAJCG, 2018 WL 1787511 (C.D. Cal. Apr. 11, 2018).

Accordingly, the Court finds that Plaintiff's Complaint fails to state a plausible Eighth Amendment inadequate medical care claim against Dr. Estock; therefore, Plaintiff's claims against Dr. Estock are subject to *sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1). *See Watison,* 668 F.3d at 1112; *Wilhelm,* 680 F.3d at 1121.

## V.    Personal Liability

Finally, with respect to the unnamed Chief Medical Officer at CAL and Chief Medical Officer S. Gates, whom Plaintiff also has named as Defendants, the Complaint contains no factual allegations as to their individual acts or omissions whatsoever. *See Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in," in order to state a claim). Instead, Plaintiff appears to hold these parties vicariously liable based on their job titles. "Because vicarious liability is inapplicable to . . . § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676. "A plaintiff must allege facts, not simply conclusions,

9

t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.").  Supervisory officials may only be held liable under § 1983 if Plaintiff alleges their "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018); *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011).

Although Plaintiff lists an unidentified CAL Chief Medical Officer and S. Gates as Defendants, he points to no specific conduct by either of these parties and fails to connect either of them to any decision made with respect to his medical care.[2]  In fact, Plaintiff identifies each only by the positions they hold and does not mention them again.  *See* Compl. at 2.  Therefore, the Court also dismisses Plaintiff's Eighth Amendment claims against CAL's unnamed Chief Medical Officer and S. Gates *sua sponte* based on Plaintiff's failure to state a claim against either of them.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

## VI.   Leave to Amend

Because Plaintiff is proceeding without counsel, and it is not "absolutely clear that the deficiencies of [his] complaint could not be cured by amendment," the Court will grant

---

[2] The Court notes that the Headquarters Level Response to Plaintiff's Health Care Grievance Appeal, CAL HC 19000212, dated May 28, 2020, was "reviewed and signed" by a representative of the California Correctional Health Care Services Correspondence and Appeals Branch "for" S. Gates, who is titled as its "Chief."  *See* Compl. at 16.  But nowhere in his Complaint, or in the appeals record Plaintiff attached as an exhibit, does he allege Gates was involved in any treatment decisions at CAL, personally was responsible for reviewing Plaintiff's health records, played any role in determining what diagnostic testing was required to treat Plaintiff's knee, or participated in Plaintiff's surgical referral.  *Id.*  And, to the extent Plaintiff seeks to hold Gates liable based solely on alleged "violations arising from his or her superintendent responsibilities" with regard to the grievance review, *see Iqbal*, 556 U.S. at 677, he cannot state a plausible claim for relief.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (finding prison official's processing or review of a prisoner's grievance or appeal, without more, was insufficient to support an independent basis for § 1983 liability because prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted).

him leave to fix the deficiencies, if he can. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("'Before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively.'") (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

(2) **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's trust account the $44.57 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed, in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income, to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).   ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

(3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

(4) **DISMISSES** Plaintiff's Complaint (ECF No. 1) *sua sponte* for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

(5) **GRANTS** Plaintiff 45 days' leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted herein.  Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not realleged in the Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims

dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  October 26, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge