UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO ANTHONY REYES,<br>CDCR #F-61110,<br>                           Plaintiff,<br>v.<br><br>CHIEF MEDICAL OFFICER; S. GATES, Chief Medical Officer; and E. ESTOCK, Doctor for Facility D,<br>                         Defendants. | Case No. 20-CV-1445 JLS (JLB)<br><br>**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

      Plaintiff Leo Anthony Reyes, while incarcerated at Calipatria State Prison ("CAL") and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl."). Plaintiff's Complaint claimed Defendants violated Plaintiff's Eighth Amendment rights by denying him adequate and timely medical care for knee pain he first reported in June 2019. *Id.* at 3–4, 8–9.

      On October 26, 2020, the Court granted Plaintiff's Motion to Proceed *in Forma Pauperis* ("IFP") but dismissed his Complaint for failing to state claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* ECF No. 4 (the "Order"). Plaintiff was notified of his pleading deficiencies and granted forty-five days' leave to file an amended complaint

fixing them. *Id.* at 5–11. Plaintiff also was warned that failure to amend in compliance with the Order would result in the dismissal of his case. *Id.* at 12 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Per the Order, Plaintiff's amended complaint was due on or before December 10, 2020. *See id.* at 11. More than seven full months have passed since the Court issued its Order; however, Plaintiff has yet to file an amended complaint or to request an extension of time in which to do so. In fact, the Court's October 26, 2020 Order was returned as undelivered by the U.S. Post Office on October 30, 2020, with an "RTS" or "return to sender" notation indicating Plaintiff was no longer at CAL and instead was "OTC." *See* ECF No. 5; *see also Norton v. Hallock*, No. 17-CV-04957 LHK (PR), 2018 WL 5629345, at *2 (N.D. Cal. Oct. 29, 2018) (noting that "OTC" markings on an envelope returned to the court from a prison "mean that plaintiff was 'out to court' at the time mail delivery was attempted). The Local Rules of this Court provide that "[a] party proceeding pro se must keep the court and opposing parties advised as to current address." *See* S.D. Cal. CivLR 83.11(b). And, while the Court has waited patiently for Plaintiff to file a notice of his change of address or at least make some inquiry as to the status of his case, he has filed nothing since first submitting his Complaint and Motion to Proceed IFP almost one year ago.

"A court may dismiss an action based on a party's failure to prosecute [his] case or obey a court order." *O'Neil v. O'Neil*, No. 2:20-CV-01050-JAD-DJA, 2020 WL 4692127, at *1 n.6 (D. Nev. Aug. 5, 2020) (citing *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

(dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules)).

"The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park,* 356 F.3d 1058, 1065 (9th Cir. 2004). "[A]t a certain point, the Court must simply move on." *Mendez v. Cmty. Health Clinics, Inc.*, No. 1:16-CV-00425-DCN, 2021 WL 467195, at *11 (D. Idaho Feb. 9, 2021).

## CONCLUSION

Accordingly, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a claim upon which section 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), as well as his failure to prosecute as required by the Court's October 26, 2020 Order requiring amendment. *See* S.D. Cal. CivLR 83.11(b) ("If mail directed to a pro se plaintiff by the clerk at the plaintiff's last designated address is returned by the Post Office," the court may dismiss the case after 60 days without prejudice for failure to prosecute.)

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk of the Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: June 8, 2021

Hon. Janis L. Sammartino
United States District Judge

3

20-CV-1445 JLS (JLB)